PROB 12C
(6/16)

Report Date: July 15, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2025

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Bayleigh Arlene Garrett | Case Number: 0980 2:23CR00106-SAB-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮▮ Spokane, Washington 99207 | |

Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: April 11, 2025

| | | |
|---|---|---|
| Original Offense: | Bank Fraud, 18 U.S.C. § 1344 (1) & (2); Aggravated Identity Theft, 18 U.S.C. § 1028A | |
| Original Sentence: | Prison - 688 Days; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Frieda K. Zimmerman | Date Supervision Commenced: April 18, 2025 |
| Defense Attorney: | Carter Liam Powers Beggs | Date Supervision Expires: April 17, 2028 |

## PETITIONING THE COURT

### To issue a **WARRANT**

On April 21, 2025, Ms. Bayleigh Garrett signed her conditions relative to case number 2:23CR00106-SAB-1, indicating that she understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | **Supporting Evidence**: Ms. Garrett is alleged to have violated mandatory condition number 3 by ingesting fentanyl, as previously occurring on or about June 26, 2025, based on laboratory testing. |
| | Specifically, on June 26, 2025, Ms. Garrett reported to the U.S. Probation Office contract urinalysis testing provider in Spokane, for the purpose of random urinalysis testing. During testing, Ms. Garrett provided a presumptive positive urinalysis test for fentanyl, and subsequently affixed her signature to a document formally denying any such use of the substance. The sample was packaged by the agency and forwarded for laboratory confirmation. |

Prob12C
Re: Garrett, Bayleigh Arlene
July 15, 2025
Page 2

On July 3, 2025, the U.S. Probation Office received the lab report reference Ms. Garrett's submitted urinalysis sample as outlined, that which confirmed the sample submitted by Ms. Garrett as being positive for fentanyl. On July 8, 2025, Ms. Garrett reported to the U.S. Probation Office as directed, and was confronted as to the positive test result. Ms. Garrett denied intentional ingestion of fentanyl, but did admit to significant exposure, during which she sat in a vehicle for approximately 30 minutes with an acquaintance, while he himself continued to ingest fentanyl in powder form. Ms. Garrett indicated her belief that the exposure was likely the reason that she tested positive during urinalysis testing.

2      **Special Condition # 9**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Garrett is alleged to have violated special condition number 9 by ingesting methamphetamine, cocaine and fentanyl as previously occurring on or about June 17, 2025, based on both sweat patch testing and her admission of such use, as it relates to both methamphetamine and cocaine, and is alleged to have ingested methamphetamine on or about July 7, 2025, based on her admission of such use.

Specifically, on June 17, 2025, Ms. Garrett reported as directed to the U.S. Probation Office in Spokane for the purpose of urinalysis testing. During testing, Ms. Garrett submitted two samples that were both clearly diluted in substance. As a result, a sweat patch was affixed to Ms. Garrett's person. On June 24, 2025, Ms. Garrett reported to the U.S. Probation Office as directed for sweat patch removal. Ms. Garrett denied any use of illicit substances occurring during the identified wear period. The sample was packaged and forwarded for laboratory testing.

On July 10, 2025, the lab report reference Ms. Garrett's submitted sweat patch was received by the U.S. Probation Office, confirming the sample as being positive for methamphetamine, amphetamine, cocaine and fentanyl. On July 11, 2025, Ms. Garrett was contacted telephonically and confronted as to the information in the laboratory confirmation report, at which time Ms. Garrett again denied use of any of the substances identified.

On July 14, 2025, Ms. Garrett reported to the U.S. Probation Office as directed and admitted to having ingested cocaine consistently over a period of 3 days and previously occurring on or about June 23, 2025; and methamphetamine twice since release, with her most recent use of the substance occurring on or about July 7, 2025. Ms. Garrett also admitted that she had temporarily allowed a third party to reside with her over a period of about 4 weeks, who she knew to be using powder fentanyl in her residence on a near daily basis, which she identified as the likely source of her again testing positive for fentanyl. The subject advised that her use of cocaine and methamphetamine could also be attributed to the presence of the individual in her home, as she had used the substances with her.

3      **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Ms. Garrett is alleged to have violated mandatory condition number 3 by ingesting fentanyl, as previously occurring on or about July 8, 2025, based on

Prob12C
**Re: Garrett, Bayleigh Arlene**
**July 15, 2025**
**Page 3**

        laboratory testing.

        Specifically, on July 8, 2025, Ms. Garrett reported to the U.S. Probation Office for the purpose of random urinalysis testing, among other required obligations. During testing, Ms. Garrett provided a presumptive positive urinalysis test for fentanyl, but denied any knowing use of the substance. The sample was packaged by a United States Probation Officer and forwarded for laboratory confirmation.

        On July 15, 2025, the U.S. Probation Office received the lab report reference Ms. Garrett's submitted urinalysis sample as outlined, that which confirmed the sample submitted by Ms. Garrett as being positive for fentanyl.

4        **Standard Condition # 8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

        **Supporting Evidence**: Ms. Garrett is alleged to have violated standard condition number 8, by allowing an individual known to her to have a felony record, to have an outstanding warrant, and to be a daily user of powder fentanyl, to reside with her in her residence for an approximate 4-week period of time preceding July 11, 2025.

        Specifically, on July 14, 2025, Ms. Garrett reported to the U.S. Probation Office as directed to further discuss the recent return of a confirmed positive sweat patch lab report in conjunction with her continued denial of using illicit substances. During Ms. Garrett's presence at the U.S. Probation Office, Ms. Garrett admitted to her having previously ingested cocaine and methamphetamine, and indicated that she had allowed an individual into her home temporarily that she knew to have a criminal record. Ms. Garrett indicated that after only a few days, she learned that the individual was also a daily user of powder fentanyl, but she indicated that she did not want to remove the individual from the residence as the individual would have otherwise been homeless. Ms. Garrett also admitted that she believed that the individual had an active warrant and she did provide the undersigned officer with the individual's name and date of birth. Ms. Garrett admitted to not being honest with the undersigned officer as to the individual's presence in her home, given that she knew the conduct to be a violation of her supervision.

        A criminal record check of the party in question revealed multiple past felony convictions, as well as two active warrants for the individual's arrest. Ms. Garrett did indicate that she did finally remove the third party from her residence last Friday (July 11, 2025) after she again tested presumptive positive for fentanyl during random urinalysis testing with the contract provider on the day in question. Ms. Garrett again signed a drug use denial form, denying any use of the substance. The lab report specific to this event has not yet been received by the U.S. Probation Office.

The U.S. Probation Office respectfully recommends the Court **issue a WARRANT** requiring the defendant to appear to answer to the allegation(s) contained in this petition.

Prob12C
**Re: Garrett, Bayleigh Arlene**
**July 15, 2025**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 15, 2025

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

*Stan Bastian* (signature)

Signature of Judicial Officer

7/16/2025

Date